

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

M.W. 1030

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

17 1030

## I. (a) PLAINTIFFS
Bauer, individually and on behalf of all others similarly situated

### DEFENDANTS
IVEST 360, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff: **Ohio**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Southampton, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227 et seq.

Brief description of cause:
Violation of the Telephone Consumer Protection Act of 1991

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 3/8/17
SIGNATURE OF ATTORNEY OF RECORD

MAR - 8 2017

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT      17      1030

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 95 James Way, Suite 113 Southampton, PA 18966

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☒ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 47 U.S.C. § 227 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Arkady "Eric" Rayz, Esq., counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 3/8/2017    _____    87976
                  Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAR - 8 2017

DATE: 3/8/2017    _____    87976
                  Attorney-at-Law       Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BAUER | : | CIVIL ACTION |
| v. | : | |
| INVEST 360, LLC, et al. | : | NO. 17  1030 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 3/8/17 | _Attorney-at-law_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR -8 2017




# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN BAUER, individually and on behalf of all others similarly situated<br><br>Plaintiff<br><br>v.<br><br>IVEST 360, LLC d/b/a FAST CAPITAL 360, FAST CAPITAL 360, IVEST 360 SYNDICATION GROUP, INC. d/b/a FAST CAPITAL 360; and DOES 1 through 10, inclusive,<br><br>Defendants | **17    1030**<br><br>Civil Action No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Sean Bauer (hereinafter "Bauer" or "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to the widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Financial Services, LLC, ___ U.S. ___, 132 S. Ct. 740, 745 (2012).

2. The TCPA prohibits persons from initiating any unsolicited telephone call, for purposes of telemarketing or solicitation, to a cellular telephone, using an automated telephone dialing system. See 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200.

3. "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." Alea London Ltd. v. Am. Home Servs.,

1

Inc., 638 F.3d 768, 776 (11th Cir. 2011).

4. Plaintiff alleges that Ivest 360, LLC d/b/a Fast Capital 360, Fast Capital 360, and Ivest 360 Syndication Group, Inc. d/b/a Fast Capital 360 (hereinafter, collectively, "Defendants") violated the TCPA, by calling his cell phone line for telemarketing purposes, without Plaintiff's prior consent, with equipment, which stored or produced telephone numbers, through a random or sequential number generator, and dialed such numbers in an automated fashion.

5. Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons, who also received illegal telephone calls from Defendants.

## THE PARTIES

6. Plaintiff is an adult, individual citizen of the State of Ohio.

7. Ivest 360, LLC d/b/a Fast Capital 360 is a limited liability company, organized under the laws of the Commonwealth of Pennsylvania, with a registered business address at 95 James Way, Suite 113 Southampton PA 18966.

8. Ivest 360 Syndication Group, Inc. d/b/a Fast Capital 360 is a corporation, organized under the laws of the Commonwealth of Pennsylvania, with a registered business address at 95 James Way, Suite 113 Southampton PA 18966.

9. Fast Capital 360 is a fictitious name, registered in the Commonwealth of Pennsylvania by Ivest 360, LLC that is used by Ivest 360, LLC and/or Ivest 360 Syndication Group, Inc. to conduct ongoing business activities, from a business location known as 95 James Way, Suite 113 Southampton PA 18966.

10. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become

known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each Defendant.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise out of federal law.

13. The Eastern District of Pennsylvania is the proper venue for this litigation pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

14. In March of 2015, Plaintiff began receiving phone calls on his cellular phone from a phone number that was unknown to him – (469) 619-6420 – that appeared to have been initiated by an automatic telephone dialing system.

15. Plaintiff believes that an automatic telephone dialing system was used, because of the customary delay at the beginning of each call before Plaintiff was able to speak with a live operator or before a live operator was able to leave a message in Plaintiff's voice mail.

16. Each of the phone calls solicited Plaintiff for a "business funding" or a loan.

17. Plaintiff did not solicit such calls and was not seeking any additional "business

funding" or other form of capital infusion at that time.

18. After Plaintiff began receiving these calls, he immediately advised the callers that he was not interested in any funding.

19. Plaintiff also advised the callers that they were calling his cell phone line and that they should immediately cease all such solicitation calls.

20. Nonetheless, the calls continued.

21. After receiving additional calls, on June 19, 2015, Plaintiff registered his cell phone number with the national "Do Not Call" list.

22. However, the calls still continued and were now generated from different phone numbers, including:

    a.    (646) 873-6264

    b.    (404) 537-1730;

    c.    (512) 640-6225;

    d.    (513) 898-3804;

    e.    (239) 307-6112;

    f.    (239) 307-6113;

    g.    (404) 382-5273;

    h.    (305) 424-8441;

    i.    (773) 717-5652;

    j.    (361) 271-4092; and

    k.    (310) 773-5113.

23. On September 3, 2015, Plaintiff re-registered his cell phone number with the national "Do Not Call" list.

24. However, the calls persisted.

25. Although the phone numbers used to call Plaintiff varied, they were all a part of a single, coordinated solicitation effort, because they were referenced and used by the callers interchangeably.

26. Indeed, when Plaintiff began receiving phone calls from phone numbers other than (469) 619-6420, the subsequent voice mails asked Plaintiff to nonetheless call back that number.

27. For instance on August 21, 2015, and, again, on August 28, 2015, Plaintiff received a call and a subsequent voice mail from "Michael Ward," who appeared to have been calling from (646) 873-6264.

28. The voice mails left by "Michael Ward" were identical in content (i.e., Plaintiff was asked about "eligibility for additional funding") and, on each occasion, Plaintiff was asked to call back (469) 619-6420 – the original number that was used to call Plaintiff in the Spring of 2015.

29. In similar fashion, a voice mail left by "Lou," following a call of December 29, 2015, that appeared to have originated from (646) 873-6264 – a phone number used to call Plaintiff in August of 2015, now asked Plaintiff to call back (404) 537-1730 – a different phone number that was used to call Plaintiff and leave a similar voice mail on December 22, 2015.

30. By way of another example, a voice mail left by "Janie," following a call of May 18, 2016, that appeared to have originated from (239) 307-6112, asked Plaintiff to call back (646) 873-6264 – the same phone number: (a) used to call Plaintiff in August of 2015, when Plaintiff was asked to call back (469) 619-6420 – the original number that was used to call Plaintiff in the Spring of 2015; and (b) used to call Plaintiff in December of 2015, when Plaintiff

was asked to call back (404) 537-1730.

31. Although the callers provided different names – "Michael Ward," "Jason," "Justin," "Jimmy," "Portia," "Philip," "Stella," "Larry," "Kyle," "Lou," "Miles," "Theo," "Carl," "Bruce Parker," "Jim Carson," "Jenny," "Tom," "Jonathan," "Samantha," "Jeremy," "Chad," "Lucas," "Jane," "Janie," "Jake," "Ethan," "Elliot," "Tom Walters," "Josh Greenberg," "Frank Staley," "Patrick," "Carl," "Mark," "Tyler," "Roy," and "Shane" – the substance of the calls and/or voice messages was always the same; namely, Plaintiff was being solicited for a loan.

32. During some of these calls, the callers disclosed that they were calling on behalf of "Fast Capital."

33. For instance, on January 12, 2017, Plaintiff received the following message, from (513) 898-3804, in his voice mail box:

> Hello this is Patrick calling from Fast Capital. My company helps businesses grow by providing flexible funding when you need it. Please give me a call when you have a moment to discuss some options that you might have. Once again Pat here from Fast Capital. Thank you and have a great day.

34. In sum, since March of 2015, Plaintiff received a total of – at least – 115 such phone calls from Defendants to his cellular phone, including:

   a. More than 100 calls after Plaintiff repeatedly asked not to be called;

   b. No less than 112 calls after Plaintiff registered his cell phone with the national "Do Not Call" list; and

   c. No less than 105 calls after Plaintiff re-registered his cell phone with the national "Do Not Call" list.

35. None of these calls were made for emergency purposes or with Plaintiff's consent.

36. On February 1, 2017, after receiving yet another phone call and a voice message, Plaintiff decided to call back the phone number (646) 873-6264 to determine where the phone calls were coming from.

37. During a brief conversation, Plaintiff was explicitly told that he was being called by "Fast Capital 360" to solicit him for a loan.

38. Plaintiff was then invited to review Defendants' profile and rating on www.trustpilot.com. See https://www.trustpilot.com/review/fastcapital360.com, last visited on March 1, 2017.

39. Before he began receiving calls from Defendants in the Spring of 2015, Plaintiff has never had any interactions or dealings with them.

40. Defendants knew or should have known that their actions violated the TCPA.

41. Defendants could have taken the steps necessary to bring their actions into compliance with the TCPA, but Defendants neglected to do so and failed to adequately review those actions to insure compliance with the law.

42. Defendants' conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

43. Defendants' conduct, as alleged herein, violated the TCPA in that they initiated numerous telemarketing telephone calls to Plaintiff's cellular telephone, using an automatic telephone dialing system, for non-emergency purposes, without Plaintiff's consent (and, in fact, after Plaintiff requested that these calls cease).

44. Accordingly, Defendants willfully and knowingly violated the TCPA. See King v. Time Warner Cable, 113 F.Supp.3d 718 (S.D.N.Y. 2015)(holding that a national cable telecommunications company's calls to customer's cellular telephone – after customer told

company's representative to stop calling her number – were knowing or willful violations of the TCPA); Olney v. Progressive Cas. Ins. Co., 993 F.Supp.2d 1220 (S.D.Cal. 2014)(finding that an insurance company acted knowingly and willfully, as required for treble damages under the TCPA, when it continued to call a cellular telephone after plaintiff informed the company to stop calling); Harris v. World Financial Network National Bank, 867 F.Supp.2d 888, 895 (E.D.Mich. 2012).

45. Plaintiff and the members of the Class have been (and will continue to be) damaged due to Defendants' violations of the TCPA, as set forth herein.

46. Plaintiff and the members of the Class have suffered and will continue to suffer actual damages due to Defendants' conduct, as set forth herein.

47. Left unabated, Defendants will continue to disregard the protections afforded by the TCPA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

49. Plaintiff brings this action as a nationwide class action for Defendants' violations of the TCPA on behalf of the following class of individuals:

> All persons and entities throughout the United States, to whom Defendants placed, or caused to be placed, a telephone call, directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system, within four years preceding the date of this complaint (hereinafter "Class").

50. The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members in the Class can be determined by reviewing Defendants' records. Plaintiff is informed and believes and thereon alleges that there are over a

hundred individuals in the defined Class.

51. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and consumer litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

52. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

53. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendants will retain the proceeds of their violations of the TCPA. In addition, Defendants are likely to continue to violate this statute.

54. Furthermore, even if any member of the Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

55. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendants used an automatic telephone dialing system to place calls to phone numbers assigned to a cellular service;

    b.  Whether Defendants had a valid prior express consent to call the members of the Class;

    c.  Whether Plaintiff and the members of the Class had any prior business relationship with Defendants; and

    d.  Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

56. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendants.

57. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## Violation of the TCPA

58. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

59. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

60. Defendants initiated multiple telephone calls to Plaintiff and Class members' cellular telephone lines using an automatic telephone dialing system. See 47 U.S.C. § 227(b)(1)(A)(iii). These calls were made without the prior express consent by Plaintiff and Class members to receive such calls.

61. An individual or entity can be held liable under the TCPA for using an automated telephone dialing system to call a consumer's cellular phone after the consumer asked not to be contacted. See Gager v. Dell Financial Services, LLC, 727 F.3d 265 (3rd Cir. 2013).

62. The acts and or omissions of Defendants were done willfully and knowingly, absent *bona fide* error, lawful right, legal defense, justification, or legal excuse.

63. In relevant part, the TCPA provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

64. As a result of the above violations of the TCPA, Defendants are liable to Plaintiff and the members of the Class in the sum of statutory damages, actual damages, and treble damages.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a) A Declaration that Defendants have violated the applicable provisions of the TCPA;

(b) An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

(c) An Order appointing Plaintiff and her counsel to represent the Classes;

(d)      An Order enjoining Defendants from any further violations of the TCPA;

(e)      Actual damages;

(f)      Statutory damages;

(g)      Treble damages for violations of the TCPA;

(h)      Attorneys' fees and costs; and

(i)      Such other relief as the Honorable Court shall deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: March 7, 2017

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class