UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN BAUER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>      Plaintiff,<br><br>   v.<br><br>IVEST 360, LLC d/b/a FAST CAPITAL 360, FAST CAPITAL 360, IVEST 360 SYNDICATION GROUP, INC. d/b/a FAST CAPITAL 360; and DOES 1 through 10, inclusive,<br>      Defendants. | Civil Action<br>No. 17-cv-01030-AB |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Ivest 360, LLC d/b/a Fast Capital 360, Fast Capital 360, Ivest 360 Syndication Group, Inc. (erroneously listed as "d/b/a Fast Capital 360") (collectively, "Defendants"), by and through their undersigned counsel, file this Answer and Affirmative Defenses to the Complaint of Sean Bauer, individually ("Plaintiff" or "Bauer"), and on behalf of all others similarly situated (the "putative class" or the "proposed class").

## ANSWER

1. Admitted in part, denied in part. Defendants admit that Plaintiff purports to allege a claim pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"). Plaintiff's Complaint is a document that speaks for itself. The TCPA is a federal statute that speaks for itself. The remaining allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

2. Denied as a conclusion of law to which no responsive pleading is required. The TCPA is a federal statute that speaks for itself.

1

3. Denied as a conclusion of law to which no responsive pleading is required.

4. Denied as a conclusion of law to which no responsive pleading is required. By way of further response, it is denied that any of the three named Defendants violated the TCPA. To the extent the remaining allegations in the paragraph allege facts, said allegations are also denied.

5. Denied. It is denied that any call made to Plaintiff was made using an "automatic telephone dialing system" or other equipment that would or could violate the TCPA. It is specifically denied Defendants placed any "illegal telephone calls." Defendants also deny the existence or sufficiency of any facts required for certification of a plaintiff class pursuant Rule 23 of the Federal Rules of Civil Procedure. All remaining allegations in the paragraph are denied as conclusions of law to which no responsive pleading is required.

## **THE PARTIES**

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Admitted.

8. Admitted in part, denied in part. It is admitted Ivest 360 Syndication Group, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with the registered business address listed. It is denied that Ivest 360 Syndication Group, Inc. does business as Fast Capital 360.

9. Admitted in part, denied in part. It is admitted that the name "Fast Capital 360" is used by Ivest 360, LLC to conduct business activities, but denied that this name is used by Ivest 360 Syndication Group, Inc. to conduct business. It is denied that Fast Capital 360 is a fictitious name.

5143427

10. Denied both as a conclusion of law to which no responsive pleading is required and because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. To the extent this paragraph requires a response, it is denied.

## JURISDICTION AND VENUE

12. Denied as a conclusion of law to which no responsive pleading is required.

13. Denied as a conclusion of law to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Any allegation that Defendants used an "automatic telephone dialing system" is denied factually and denied as a conclusion of law. It is specifically denied that the telephone number (469) 619-6420 is now, or was ever, affiliated with Defendants or used by Defendants to place telephone calls. All allegations made by Plaintiff based on telephone calls from the number (469) 619-6420 are denied.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Plaintiff's belief. Plaintiff's allegation that Defendants used an "automatic telephone dialing system" is denied factually and denied as a conclusion of law. By way of further response, *see* answer to paragraph 14.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, Defendants deny placing all of the 115 telephone calls referenced in paragraph 34 of the Complaint and the telephone call referenced in paragraph 14 of the Complaint, and therefore do not know the substance or intent of "[e]ach of the phone calls."

5143427

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent this paragraph is based on the telephone call referenced in paragraph 14—made from (469) 619-6420—Defendants deny placing that call and therefore do not know what Plaintiff or the caller may have said on that call.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. *See* answer to paragraph 18. By way of further response, Defendants doubt the truth of this paragraph because if Plaintiff received a telephone call from Defendants and asked that Defendants stop placing calls to Plaintiff, all calls would have stopped. Defendants further deny that Plaintiff ever expressed to Defendants his desire not to receive telephone calls from Defendants.

20. Denied. *See* answers to paragraphs 14-19.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. *See* answers to paragraphs 14-19.

22. Denied. It is specifically denied that all the listed telephone numbers are telephone numbers used by Defendants to place telephone calls. Defendants lack knowledge or information sufficient to form a belief as to the identity of the callers that may have used most of the telephone numbers listed in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Denied. *See* answers to paragraphs 14 and 22.

25. Denied. Defendants' answer to paragraph 22, above, is incorporated herein by reference. By way of further response, Defendants lack knowledge or information sufficient to form a belief as to the content of telephone calls they did not place or voicemails they did not leave.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, the number (469) 619-6420 is not a telephone number affiliated with Defendants or used by Defendants to place telephone calls, and any voicemail left by Defendants would not have directed Plaintiff to call that number.

27. Denied. By way of further response, no person by the name of "Michael Ward" was employed by Defendants or authorized to make telephone calls on behalf of Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent Plaintiff received a telephone call from a "Michael Ward" on August 21, 2015 or August 28, 2015, that telephone call was not made by Defendants.

28. Denied. *See* answers to paragraphs 26 and 27.

29. Denied. By way of further response, no person by the name of "Lou" was employed by Defendants or authorized to make telephone calls on behalf of Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

30. Denied. By way of further response, no person by the name of "Janie" was employed by Defendants or authorized to make telephone calls on behalf of Defendants.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31. Denied. It is denied that all of the individuals listed in this paragraph are persons employed by, affiliated with, or authorized to make telephone calls on behalf of Defendants. Defendants do not recognize the vast majority of the listed names. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, but deny that all persons listed in paragraph 31 made telephone calls to Plaintiff or on behalf of Defendants.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, any caller calling on behalf of Fast Capital 360 would have disclosed they were calling on behalf of Fast Capital 360. Defendants deny that the calls referenced in this paragraph were made by Defendants.

33. It is admitted that a telephone call was placed by Defendant to Plaintiff on January 12, 2017. By way of further response, the telephone call and voicemail were made by a live caller, not an automatic system.

34. Denied. It is specifically denied that Defendants placed 115 telephone calls to Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph that Plaintiff received 115 telephone calls. By way of further response, if Plaintiff received 115 calls, Defendants deny that those 115 telephone calls were made by Defendants or by anyone acting on behalf of Defendants.

35. Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Defendants lack the knowledge or information sufficient to form a belief concerning the purpose of calls they did not place.

36. Denied. Defendants deny calling Plaintiff on February 1, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. Denied that Defendants, or any of them, violated the TCPA. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

41. Denied that Defendants, or any of them, violated the TCPA. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

42. Denied that Defendants, or any of them, violated the TCPA. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

43. Denied that Defendants, or any of them, violated the TCPA. It is specifically denied that Defendants, or any of them, initiated numerous telemarketing calls to Plaintiff's

cellular telephone using an automatic telephone dialing system. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

44. Denied that Defendants, or any of them, violated the TCPA. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

45. Denied that Defendants, or any of them, violated the TCPA, and denied that Plaintiff or any member of the putative class has been damaged as a result of any act or omission of any Defendant. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

46. Denied that Plaintiff or any member of the putative class has been damaged as a result of any act or omission of any Defendant. The remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

47. Denied.

## CLASS ACTION ALLEGATIONS

48. Admitted only that Plaintiff is attempting to bring this action on behalf of similarly situated individuals. It is denied that the putative class alleged in the Complaint, or any other class, satisfies the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b).

49. It is denied that the putative class alleged in the Complaint, or any other class, satisfies the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). It is denied that the members of the class are ascertainable. The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

50. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

51. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

52. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). It is specifically denied that that a class action is superior to other methods of adjudication. The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

53. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

54. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

55. Denied as stated. It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P.

23(a) or 23(b).  It is denied that questions of law and fact predominate over questions that are individual to members of the putative class, including but not limited to questions relating to individual consent, and questions relating to individual harm and standing.  The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

56. Denied as stated.  It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b).  The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

57. Denied as stated.  It is denied that the putative class alleged in the Complaint, or any other class, satisfies any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b).  The allegations of this paragraph are also denied as conclusions of law to which no responsive pleading is required.

## COUNT I
### Violation of the TCPA

58. Defendants hereby incorporate by reference the preceding paragraphs as if fully set forth at length herein.

59. Denied as a conclusion of law to which no responsive pleading is required.  By way of further response, it is denied that Defendants used an automatic telephone dialing system" to place telephone calls to Plaintiff.

60. Denied as a conclusion of law to which no responsive pleading is required.  *See* answer to paragraph 59.  It is further denied that Defendants initiated the 115 telephone calls identified in paragraph 34 of Plaintiff's Complaint.

61. Denied as a conclusion of law to which no responsive pleading is required.

62. Denied as a conclusion of law to which no responsive pleading is required.

63. Denied as a conclusion of law to which no responsive pleading is required. The TCPA speaks for itself.

64. Denied as a conclusion of law to which no responsive pleading is required. It is further denied that Defendants are liable to Plaintiff or to any members of the putative class.

## CLAIM FOR RELIEF

**WHEREFORE**, it is respectfully denied that Plaintiff and/or members of the putative class are entitled to any relief, including but not limited to the relief requested in subparagraphs (a) – (i).

## GENERAL DENIAL

Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants hereby incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein. Defendants assert the following affirmative defenses:

1. Plaintiff's Complaint, and the claim(s) alleged therein, fails to state a claim upon which relief may be granted.

2. Plaintiff is not entitled to any relief based on the doctrine of unclean hands.

3. Plaintiff's is not entitled to any relief because of his own conduct, statements, acts, and/or omissions.

4. Plaintiff is not entitled to any relief because of the equitable doctrines of laches, waiver, and/or estoppel.

5. Plaintiff failed to mitigate his damages.

6. Plaintiff lacks standing to assert the claims in his Complaint.

7. Fast Capital 360 is not a legal entity and lacks the capacity to be sued.

8. Plaintiff's claims may be barred or limited by the applicable statutes of limitations.

9. If damages or violations of the TCPA have occurred as alleged by Plaintiffs, such damages are the direct and proximate result of the acts or omissions of persons and/or entities other than Defendants, or circumstances in which Defendants had no involvement and for which Defendants are not responsible, and such injuries, damages, violations, or losses are not the result of any act, failure to act, or breach of contractual duty by Defendants.

10. To the extent anyone purporting to act on behalf of Defendants called Plaintiff using equipment that falls within the definition of an automatic telephone dialing system contained in 27 U.S.C. § 227(a)(1), such act(s) was not authorized by Defendants or made on Defendants' behalf and Defendants are not responsible for such act(s).

11. Defendants, at all times, acted in good faith.

12. Defendants did not engage in any willful or intentional wrongdoing at any time.

13. If Defendants violated the TCPA, which is denied, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

14. All actions taken by Defendants were taken with the consent of Plaintiff.

15. Plaintiff's Complaint, and the cause(s) of action alleged therein, is barred because Defendants' conduct was justified and/or privileged.

16. Defendants did not place the telephone calls identified in Plaintiff's Complaint.

17. The telephone calls allegedly made to Plaintiff were not made by any Defendant using an "automatic telephone dialing system" within the meaning of the TCPA.

5143427

18. Any and all telephone calls made by any Defendant to a cellular phone, which Defendants deny occurred in violation of the TCPA, were based on Plaintiff's consent, licenses, and/or waiver.

19. Plaintiff's Complaint, and the cause(s) of action alleged therein, is barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

20. Plaintiff's request for an order enjoining Defendants is barred because, to the extent Plaintiff was harmed, Plaintiff has an adequate remedy at law.

21. Plaintiff's Complaint is barred because he cannot satisfy the requirements for maintaining a class action under Fed. R. Civ. P. 23.

22. This case fails to satisfy any of the requirements for class certification under Fed. R. Civ. P. 23(a) or 23(b). Additionally, the proposed class as stated in the Complaint is overbroad and not ascertainable.

23. If the Court certifies a class in this case over Defendants' objections, Defendants assert the defenses set forth herein, and likely other defenses, against each and every member of the certified class.

24. Numerous material questions of law and fact exist with respect to individual members of the putative class, including but not limited to consent, standing and waiver, that cannot be resolved on a class-wide basis, and predominate over any common questions of law and fact, thereby preventing certification of the proposed plaintiff class.

Defendants reserve the right to amend or supplement these affirmative defenses to Plaintiff's claim as developments warrant in the course of this action.

**WHEREFORE**, Defendants respectfully requests this Court enter judgment in their favor and against Plaintiff, and that Defendants be awarded their costs of suit, including reasonable attorneys' fees, as well as any other relief the Court may deem just and proper.

    Respectfully submitted,

    /s/ Michael F. Eichert
Michael F. Eichert, Esquire (PA Id. No. 25102)
Nicholas Poduslenko, Esquire (PA Id. No. 51562)
Rigel C. Farr, Esquire (PA Id. No. 316869)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19012
215-665-3000

*Attorneys for Defendants, Ivest 360, LLC d/b/a Fast Capital 360, Fast Capital 360, Ivest 360 Syndication Group, Inc. d/b/a Fast Capital 360*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2017, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be filed electronically and served on the following via the Court's ECF system:

| | |
|---|---|
| Arkady "Eric" Rayz | Gerald D. Wells, III |
| Demetri A. Braynin | Robert J. Gray |
| KALKHMAN & RAYZ, LLC | CONNOLLY WELLS & GRAY, LLP |
| 1051 County Line Road, Suite A | 2200 Renaissance Blvd., Suite 275 |
| Huntingdon Valley, PA 19006 | King of Prussia, PA 19406 |

  /s/ Michael F. Eichert
Michael F. Eichert, Esquire

5143427